# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID GEVAS, <br><br>　Plaintiff, <br><br>v. <br><br>WEXFORD HEALTH SOURCES, INC., et al., <br><br>　Defendants. | Case No. 16-cv-10599 <br><br>Judge Mary M. Rowland |

## ORDER

Defendants Dr. Obaisi and Wexford Health Sources Inc. filed a motion to reconsider (Dkt. 436) this Court's November 18, 2022 summary judgment opinion (Dkt. 432, "Summary Judgment Opinion"). For reasons stated herein, the Wexford Defendants' motion [436] is denied.

### I. Background

In the Summary Judgment Opinion, the Court granted in part and denied in part IDOC Defendants' summary judgment motion and granted in part and denied in part the Wexford Defendants' motion for summary judgment. This granted summary judgment to Wexford on plaintiff's *Monell* claim, with one exception. The Court concluded that Gevas's evidence created a jury question on a narrow *Monell* claim. That claim focused on patients who receive offsite services and require additional follow-up at Stateville.

Only the Wexford Defendants now move for reconsideration. They request that the Court grant Wexford summary judgment in full on Gevas's *Monell* claim, as well as his institutional negligence and punitive damages claims. The Wexford Defendants argue that these claims should all be dismissed with prejudice. They also seek an award of costs and fees.

### II. Standard

It is well-established that motions for reconsideration "serve a limited function." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation and quotation omitted). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. *Vesely*

v. *Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015).

The moving party thus "bears a heavy burden." *Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations and quotations omitted); *see also Caisse Nationale*, 90 F.3d at 1270 (the moving party may not use a motion to reconsider to "rehash[] previously rejected arguments or argu[e] matters that could have been heard during the pendency of the previous motion").

### III. Analysis

The Wexford Defendants argue that Gevas had no evidence of an alleged widespread practice beyond the *Lippert* Report[1], and that report does not satisfy his evidentiary burden on summary judgment for purposes of *Monell*. The other evidence discussed in this Court's opinion, the Wexford Defendants say, failed to "substantiate the harm discussed in *Lippert*." [436 at 2].

*Monell v. Department of Social Services,* 436 U.S. 658 (1978) governs Wexford's liability because the Seventh Circuit "treats private corporations acting under color of state law as municipalities." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). The Court agrees with Defendants that meeting the *Monell* standard is difficult. *See id.* at 222 (noting the "exacting requirements of *Monell*"). Gevas's evidence was not overwhelming. But it did not need to be. Considered together, his evidence gave rise to the reasonable inference that Wexford was aware of and deliberately indifferent to the follow-up issues he experienced.

In its opinion, this Court relied on several pieces of evidence in addition to evidence of Gevas's own experience: the 2014 Lippert report, Wexford assistant chief medical officer's testimony about the *Lippert* report, Wexford doctor's testimony about the *Lippert* report, IDOC acting director Baldwin's testimony about the *Lippert* report, and the undisputed fact that IDOC contracts with Wexford to provide medical care. [432 at 18-19]. In arguing that this Court erred, Defendants rely heavily on *Dean*, 18 F.4th 214, which this Court previously discussed and found distinguishable.

*Dean* was post-trial challenge to jury verdicts; it was not decided on summary judgment. This Court also noted that in *Dean* the Seventh Circuit did not decide whether the district court abused its discretion in admitting the 2014 *Lippert* report. The Seventh Circuit recognized that the delays discussed in the *Lippert* report

---

[1] This is the 2014 Report of medical expert Dr. Ronald Shansky prepared by plaintiffs in a class-action brought by individuals in IDOC custody, *Lippert v. Godinez*, Case No. 10-cv-4603. For ease it is referred to herein as either the "Shansky Report" or "Lippert Report."

seemed "closely linked to the problem at the heart of Dean's lawsuit against Wexford." However Taylorville, the facility at issue in *Dean*, was not reviewed in the 2014 Lippert report. (Stateville was.) So relevance was a problem, as well as the risk of confusing the jury because the report could only be used to show notice, not for the truth of the report. Most critically, according to the Seventh Circuit, "the 2014 report reviewed a materially different version of Wexford's collegial review policy." 18 F.4th at 238. None of these were issues in Gevas's case here.

In addition, *Dean* explained that "our prior cases suggest that evidence admitted only for notice cannot establish that a municipality acted with deliberate indifference unless the plaintiff also has substantive proof that the 'noticed' problems actually existed." 18 F.4th at 238. Here, this Court relied on evidence *in addition to* the *Lippert* report to find summary judgment was not warranted. Unlike in *Dean*, the 2014 Lippert report *did* give Wexford "insight into whether [Stateville] was one of the facilities" where there were problems relevant to Gevas's claims. *Id*. Finally, the Seventh Circuit stressed that the *Monell* claim failed because plaintiff "lacks critical proof, not because he introduced the *Lippert* reports." *Id*. at 241.[2] Again, Gevas had evidence beyond just the report to support his *Monell* claim on summary judgment.

Defendants also take issue with particular statements in the *Lippert* report that the Court relied on and whether "Problems with Follow-up" in the report was a "distinct section" or "sub-section" of the report. The Court does not find this type of parsing of the report necessary on summary judgment. *See Runkel v. City of Springfield,* 51 F.4th 736, 742 (7th Cir. 2022) ("We do not weigh conflicting evidence, resolve swearing contests, determine credibility, or ponder which party's version of the facts is most likely to be true.") (cleaned up).

In sum, viewed in the light most favorable to Gevas, the evidence presented "a triable issue of fact" on Gevas's *Monell* claim. *See King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007). As the Supreme Court has explained, "[n]either do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Considering the high standard for reconsideration, the Court declines to revisit its decision with respect to the narrow *Monell* claim remaining in the case, as well as the institutional negligence and punitive damages claims.

---

[2] The Wexford Defendants now rely on *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954 (7th Cir. 2019), but they did not discuss or cite that case in their briefing on summary judgment. *See* Dkts. 400, 417.

## IV. Conclusion

For these reasons, the Wexford Defendants' Motion to Reconsider [436] is denied. In person status set for 11/1/23 remains set.

E N T E R:

Dated: September 14, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge