IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID GEVAS,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY PFISTER,<br><br>    Defendant. | Case No. 16-cv-10599<br><br>Honorable Judge Mary M. Rowland |

### Defendant's Response to Plaintiff's Motion to Amend Complaint

Although the Court has urged the parties toward finalizing a coherent story for the jury to hear at trial, Plaintiff refuses at every turn. Now Plaintiff seeks to amend his complaint for the fifth time (Dkt. 556), although he does not attach a proposed complaint with new allegations consistent with the requirements of Rule 8. Leave to amend under Rule 15(a) may be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up). All these factors are present here. As Judge Lee recognized in his March 2021 denial of Plaintiff's motion to amend (Dkt. 353), there was undue delay and prejudice to the defense then, and there is even more now, three years hence. Plaintiff already had ample time to cure any "deficiency" in his complaint. Moreover, any amendment would be futile because nothing happened during this new period that reflects deliberate indifference by Warden Pfister. Thus, Plaintiff's motion should be denied.

Plaintiff's motion to amend the complaint to extend the relevant end date from September 2017 to February 2018, when Warden Pfister left Stateville, may seem innocuous, but it is not. It

is more of the same attempt to circumvent the Court's orders appropriately cabining the scope of this case. Asked what fault Plaintiff finds with the care provided from September 2017 to February 2018, his counsel responded: "[Pfister] continued to fail in his duties until he left the job." (Ex. 1, 5/24/2024 Hirshman email to Crawford at 2). Pressed for details about what relevant facts might be adduced from this six-month period *after* Gevas was cured of cancer (late 2016), had his three-day missed doses of aspirin addressed (June 2017), and was given his CPAP device (August 2017), his counsel responds: "His clavicle[.]" (*Id.* at 1). His ***clavicle***? In the eighth year of this case, after trial should have already been completed but for Plaintiff's late productions, Plaintiff wants to bring a brand-new claim about his clavicle to trial.

Plaintiff broke his clavicle at the beginning of 2016 in connection with his lymphoma, and that fracture falls within his claim about diagnosis of his lymphoma. But this is the first time that the undersigned counsel has heard of a complaint about the treatment of his clavicle thereafter. Indeed, "[h]is clavicle" is all we are told about Plaintiff's asserted need to extend the relevant time period by amending the complaint for the fifth time. Plaintiff offers no details even at this late stage. Nor has Plaintiff supplied an amended complaint he seeks to file; he simply asks the Court to allow him to bring in evidence from a later period without offering any new factual allegations. This alone should doom Plaintiff's motion.

Plaintiff already amended his complaint four times: April 5, 2017 (Dkt. 26); June 29, 2017 (Dkt. 52) -- although the Court first denied Plaintiff's three separate motions to supplement the Second Amended Complaint before granting leave to file (Dkt. 51, denying motions at Dkt. 42, 46, 48); September 12, 2017 (Dkt. 83); and October 25, 2021 (Dkt. 402). The operative complaint, the Fourth Amended Complaint, was filed two years after the close of discovery and over two and a half years ago.

In fact, the Court initially denied leave to file the Fourth Amended Complaint because it recognized the inappropriateness of Plaintiff's late amendments. The Court wrote:

> Plaintiff Gevas moves for leave to file a Fourth Amended Complaint [350], and Defendants oppose the motion. "District courts may deny leave to amend where there is good reason to do so: futility, undue delay, prejudice, or bad faith." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020) (internal quotation marks omitted). Here, the Court finds there has been undue delay because Plaintiff seeks to amend his complaint a month before the dispositive motion deadline in this four-year-old case. Additionally, Defendants will be prejudiced by the amendment because fact discovery is already closed. Furthermore, Plaintiff has already been given multiple opportunities to streamline his deliberate indifference claims. On these grounds, the motion is denied.

(Dkt. 353). In subsequently denying Plaintiff's motion for reconsideration of the denial, the Court emphasized: "[T]he motion to amend was filed after discovery closed on the eve of the dispositive motion deadline. The prejudice to Defendants if an amendment were allowed is patently obvious." (Dkt. 360). Of course, the prejudice is even more obvious three years later. Defendant would need leave to reopen fact discovery to probe the claims from this time period, and would be entitled to seek a new opinion from its medical expert on the new claim.

Ultimately, Defendants did not object the second time Plaintiff sought leave to file a Fourth Amended Complaint, because in the meantime, Plaintiff had stipulated to the dismissal of various defendants and claims. Once that occurred, Judge Lee summarized the lay of the land in his August 4, 2021 minute entry: With regard to Defendants Pfister and Baldwin, only Plaintiff's Eighth Amendment deliberate indifference claim based on his atrial fibrillation (claim 1), sleep apnea (claim 2), and lymphoma (claim 3) remain." (Dkt. 389). Allowing Plaintiff to throw in a new claim about the treatment of his clavicle on the eve of trial would clearly be prejudicial to Defendant.

Even allowing Plaintiff to extend the relevant period on the existing claims would be prejudicial and futile. Pfister's end date at Stateville was always known. (Ex. 2, 7/16/2019 Pfister Dep. at 4:19:20) (stating that he was the warden from "November of 2015, I believe, to February

of 2018"). At Pfister's 2019 deposition, Plaintiff's counsel elected not to ask Pfister any questions relating to the September 2017 to February 2018 period. Moreover, in his October 25, 2021 response to Defendant's Rule 56.1 Statement of Facts, Plaintiff asserted that it was "undisputed" that his complaint "only goes through September 17, 2017." (Ex. 3, 10/25/21 Pl. Resp. to IDOC SOF ¶ 18). The Court noted this in its November 18, 2022 summary judgment order stating that the claims against Pfister "will be limited to November 2015 through September 2017. Gevas does not dispute this." (Dkt. 432 at 10.)

Nor can Plaintiff cite anything in his recent production to support this late amendment, not that this would excuse the eleventh-hour nature of the amendment, given that all his recently produced grievances were already produced by IDOC years before. (*See* Def.'s Sur-Reply in Support of MIL #5, Dkt. 558 at n.1 (explaining that Plaintiff's recent production of grievances consists of documents already produced by IDOC years ago in this and other cases)). On top of this, Plaintiff has admitted that Pfister never reviewed grievances anyway. (Ex. 3 at ¶ 15).

It is now more than six years out from the period Plaintiff seeks to tack onto the complaint, four years after the close of discovery, three years after Judge Lee recognized that the prejudice to the Defendants of allowing another amendment to the complaint was "patently obvious," and two and a half years since Plaintiff admitted that his complaint's allegations ended in September 2017. Plaintiff will only stop these tactics when the Court makes him stop. The amendment should be denied for all of the reasons a court might deny leave to amend: undue delay, prejudice to Defendant, a repeated failure to correct any deficiencies in the four prior amendments, bad faith, and futility.

WHEREFORE, Defendant prays this Court deny Plaintiff's Motion to Amend the Complaint (Dkt. 556).

Date: June 3, 2024

                                    Respectfully submitted,

                                    By: /s/ *Amy Crawford*

KWAME RAOUL                       AMY CRAWFORD
Attorney General of Illinois        Assistant Attorney General
                                    Office of the Illinois Attorney General
                                    115 S LaSalle St.
                                    Chicago, Illinois 60603
                                    (773) 550-8865
                                    Amy.Crawford@ilag.gov